Eric DRAKE, Plaintiff–Appellant

v.

NAVISTAR INTERNATIONAL CORPORATION; International Truck; Engine Corporation; National Seating Corporation, Defendants–Appellees.

No. 14–51240.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 2015.

Eric Drake, Richardson, TX, pro se.

Jeffrey Scott Patterson, Esq., Hartline Dacus Barger Dreyer, L.L.P., Adrienne N. Russell, Dallas, TX, for Defendants–Appellees.

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Eric Drake, pro se, appeals the district court's dismissal of his complaint against Navistar International. We AFFIRM.

I.

The suit that is the subject of this appeal is one of four lawsuits that Drake has filed for injuries allegedly sustained in an incident that occurred on August 1, 2009. The complaint in this case was filed on

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

April 28, 2014. Drake asserted claims for negligence, breach of warranty, deceptive trade practices, and product liability. He alleged that on or about August 1, 2009, he leased from Penske Truck Leasing an International truck manufactured by Navistar and that, when he drove over a small bump in a paved residential street, the driver's seat violently threw him in a downward motion, causing severe injuries to his lumbar and cervical spine. In the complaint, Drake stated that he "was able to locate photographs taken on the date of the accident" which identified the subject truck.

The district court adopted the magistrate judge's recommendation and dismissed Drake's complaint on the ground that all of his claims are barred by the statutes of limitation and there is no basis for equitable tolling. The court rejected Drake's argument that the limitations period should be tolled because the Penske lease contract incorrectly identified the truck he rented as a Freightliner, manufactured by Daimler, and he did not discover the correct manufacturer of the truck until November 2013. The court pointed out that the discovery rule applies to the discovery of the nature of the plaintiff's injuries, not to the discovery of parties the plaintiff wishes to sue, and that through the exercise of reasonable care and diligence, Drake could have discovered the correct manufacturer of the truck within the limitations period.

## II.

On appeal, Drake argues that (1) equitable tolling should apply because Penske misled him into believing that he rented a Freightliner truck (made by Daimler) when in fact he rented an International truck (made by Navistar); (2) the district court abused its discretion when it denied leave to file an amended complaint to add Penske as a defendant; (3) the district court erred by striking his Amended Complaint and awarding costs to Navistar; and (4) the district court erred by revoking his in forma pauperis (IFP) status and entering pre-filing sanctions against him.[1]

The district court did not err by holding that there is no basis for equitable tolling. Drake understood the nature of the alleged defect and his injuries, as well as the manner in which those injuries allegedly occurred, on the date of the alleged incident. Drake's allegation that Penske misled him about the manufacturer of the truck is irrelevant, because he does not allege that Navistar had anything to do with Penske's conduct. Through the exercise of reasonable diligence, Drake could have discovered the correct manufacturer of the truck within the limitations period.

The district court did not abuse its discretion in denying leave to amend. As the magistrate judge pointed out, Drake has filed substantially similar suits, in both Texas state court and multiple federal courts, from as early as 2011. Those suits were either dismissed by the courts or abandoned by Drake. He had ample opportunities to cure any deficiencies in his previous suits, but failed to do so. Furthermore, he sought leave to amend in order to allege facts that were previously available to him through the exercise of due diligence.

The district court did not abuse its discretion in striking Drake's Amended Complaint because it was filed improperly, without leave of court or the consent of the defendants. Drake has failed to provide

1. Drake's argument that the United States District Court for the Eastern District of Texas abused its discretion by striking his pleadings is not properly before us in this appeal from a judgment entered by the District Court for the Western District of Texas.

any supporting argument for his conclusory assertion that the district court erred by awarding costs to Navistar.

Finally, the district court did not abuse its discretion by revoking Drake's IFP status and imposing pre-filing sanctions based on Drake's abusive filing history, consisting of multiple lawsuits in state and federal courts arising from the same series of events.

The judgment of the district court is, therefore,

AFFIRMED.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.